```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


ROBERT A. SOY,                    )
                                  )
Petitioner,                       )
                                  )
vs.                               )   NO. 2:07-CV-416
                                  )       2:92-CR-42
UNITED STATES OF AMERICA,         )
                                  )
Respondent.                       )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (DE# 381), filed by Petitioner, Robert A. Soy, on November 26, 2007; (2) "Motion for Discovery under Rule 6; Rules Governing 2255 Proceedings and, Admissions under Federal Rules of Civil Procedure 36(a)" (DE# 392), filed on April 7, 2008; (3) "Motion Requesting the Court to Allow Admissions to be Taken Under Fed. R. Civ. P. 36(a)" (DE# 393), filed on April 7, 2008; (4) "Motion requesting  the Court to allow Admissions to be taken under Fed. R. Civ. P. 36(a)" (DE# 394), filed on April 7, 2008; (5) "Motion to Expand the Record under Rule 7; Rules Governing § 2255 Proceedings", filed on April 7, 2008; (6) "Motion requesting an Evidentiary Hearing and Appointment of Counsel under Rules 8(a) and (c); Rules governing 2255" (DE# 396), filed on April 7, 2008;

-1-

and (7) "Motion Reusting Court's Authorization to Allow Movant an Opportunity to Reply to the Government's Latest Response to the § 2255 Petition filed by Movant" (DE# 405), filed on July 10, 2008. For the reasons set forth below, these motions are **DENIED**.

BACKGROUND

The substantive facts and procedural posture underlying this case are familiar to all parties, as well as the Court. Most notably, the Seventh Circuit has published opinions recounting the facts and posture of this case in three prior opinions, *United States v. Prevatte*, 16 F.3d 767 (7th Cir. 1994), *United States v. Prevatte*, 66 F.3d 840 (7th Cir. 1995), and *United States v. Soy*, 413 F.3d 594 (7th Cir. 2005). This Court assumes familiarity with those opinions and, as such, will recount only those facts which are necessary to the disposition of the instant motion.

In 1991, Petitioner, Robert A. Soy ("Soy"), Russell Prevatte, Douglas Bergner and Jerry Williams concocted a scheme to use pipe bombs as diversions for burglaries. According to their plan, a bomb would be detonated in one area that would divert emergency personnel; this diversion would prevent law enforcement from timely responding to their burglary attempts being conducted in other areas.

To test the response time of emergency personnel, Soy and his co-defendants detonated a bomb in an alley behind Emily Antkowicz'

single-family dwelling in Hammond, Indiana.  The bomb went off while Emily Antkowicz was outside and fragments from the bomb killed her and also punctured the gas meter attached to her house. Soy and his co-defendants set off a number of other pipe bombs in order to help facilitate their attempts of committing various burglaries.

A grand jury returned a twenty-one count indictment against Soy and his co-defendants.  In June of 1992, a jury convicted Soy of Count 1, conspiracy to maliciously damage or destroy property by means of an explosive in violation of 18 U.S.C. section 844(i), and Count 2, bombing Emily Antkowicz' home in violation of 18 U.S.C. section 844(i).  Soy was also found guilty of Counts 6, 7, 8, 10, 11, 12, 14, 15, 16, 18, 19, and 20, which constituted other bomb, explosive and firearm related offenses.  By applying the first degree murder guideline (§ 2A1.1), this Court sentenced Soy to life imprisonment on Count 2 and the sentences on the remaining counts were to run concurrently.  On appeal, the Seventh Circuit agreed with this Court's application of the first degree murder guideline, but did not uphold the imposition of a life sentence because Title 18, U.S.C. section 34 prevented a district court from imposing a life sentence without a jury recommendation.  *Prevatte* I, 16 F.3d at 780-82.

On remand, this Court imposed a sentence of 636 months.  Soy appealed this sentence too.  One of the issues Soy raised was that

the use of the first degree murder guideline was inappropriate and his conduct could be equated with only second degree murder. *Prevatte* II, 66 F.3d 844-45. The Seventh Circuit rejected this argument. *Id.* Nevertheless, the court of appeals found the 636 month sentence to essentially be a life sentence and remanded the case so that this Court could consider Soy's life expectancy in fashioning an appropriate sentence. *Id.* at 846.

After a second remand from the court of appeals, this Court, taking into account Soy's life expectancy, sentenced Soy to a 528 month term of imprisonment. Soy was ordered to be imprisoned for a term of 528 months on Count 2; a term of 60 months on Count 1; and terms of 120 months on each of Counts 6, 7, 8, 10, 11, 12, 14, 15, 16, 18, 19, and 20, all to be served concurrently.

Soy then filed a section 2255 petition, wherein he challenged his section 844(i) convictions based on the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000). This Court granted Soy's petition with respect to Count 2 and vacated his conviction on that count. However, the remaining claims in Soy's section 2255 petition were denied. In August of 2003, this Court resentenced Soy on the remaining counts of conviction. During that resentencing, the Court found the bombing which resulted in Emily Antkowicz' death was performed in furtherance of the conspiracy charged in Count 1 of the indictment and applied the first degree murder cross-reference, which resulted in an offense

-4-

level of 43 and corresponded to a life term of imprisonment. However, based upon the dictates of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), this Court could only sentence Soy to five years of imprisonment under Count 1. Thus, in order to effectuate a total punishment for Soy, and taking into account the Seventh Circuit's prior decisions, this Court stacked the counts according to U.S.S.G. section 5G1.2(d), which provided "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Accordingly, this Court ordered Soy "to be imprisoned for a term of 60 months on Count 1 and a term of 120 months of each of Counts 6, 7, 8, 10, 11, 12, 14, 15, 16, 18, 19, and 20, all such terms to be served consecutively to the extent necessary to produce a total term of 528 months."  (August, 26, 2003 Sent. Tr. p. 76)

Soy appealed his sentence and this Court's ruling on his Section 2255 petition. As to the resentencing, Soy argued that this Court violated the theory of double jeopardy when it resentenced him. Soy also maintained that this Court should not have cross-referenced the first degree guideline when determining the appropriate sentence for the conspiracy conviction. The Seventh Circuit performed a thorough analysis of the sentencing calculation and application and affirmed the judgment of this

Court; however, because this Court fashioned Soy's sentence using the then binding Guidelines, the Seventh Circuit remanded this case to this Court for proceedings consistent with *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Soy*, 413 F.3d at 616. On the *Paladino* remand, this Court found that the imposed sentence calculated under the Guidelines was reasonable and fair, and that the Court would not have chosen a different sentence had it known that the Guidelines were not mandatory.

Soy has filed the instant habeas petition complaining that his counsel was ineffective both at 2003 resentencing and on appeal from that sentence. Specifically, Soy claims that his counsel failed to: (1) review previous transcripts and jury instructions; (2) raise an *Apprendi* challenge; (3) argue that the jury did not find all of the facts necessary to impose the sentence he received; and (4) object to the § 2K1.4(c) cross-reference. Soy also filed a number of motions requesting discovery and a motion seeking leave to file another brief. This Court finds the motions seeking leave to file further briefing and to engage in discovery are without merit. After due consideration, these motions are denied and this Court will address the section 2255 petition based on the record before the Court.

In response to Soy's section 2255 petition, the Government argues that this Court lacks jurisdiction because the petition is a second and successive collateral attack. In the alternative, the

Government argues that Soy's claims are without merit.

DISCUSSION

Habeas Corpus Standard

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating

-7-

"cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas

petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.*

Jurisdiction to Consider Second Habeas Petition Claims

As this Court and the parties are aware, this is Petitioner's second habeas corpus petition. Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, "[b]efore presenting a second or successive motion, the moving party must obtain an order form the appropriate court of appeals authorizing the district court to consider the motion . . . ." Thus, without prior authorization, district courts lack jurisdiction to consider successive 2255 petitions. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

However, a resentencing does give a defendant the right to an additional section 2255 proceeding. *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997). This additional proceeding is limited to challenge events that are novel to the resentencing; a defendant cannot challenge events that predated the resentencing. *Id.*; see also *Dahler v. United States*, 259 F.3d 763, 765 (7th Cir. 2001). Thus, this Court must determine which of Soy's claims are novel to the resentencing. The Court will only entertain those claims which

-9-

are novel to Soy's 2003 resentencing.

The Government argues simply that Soy's entire 2255 petition is not novel to the resentencing because the issue of the death of an innocent bystander - Emily Antkowicz - was taken into account during the previous sentencings. Soy, on the other hand, painting with an equally broad brush, argues that all of his claims are novel because they surround only his counsel's ineffectiveness at the resentencing and appeal thereof. Rather than adopt either party's general conclusion, this Court must examine each of Petitioner's arguments separately to determine which claims, if any, are novel to the resentencing.

Petitioner's first issue is that his "[c]ounsel failed to adequately prepare for sentencing and on Appeal by not requesting, prior to sentencing, all of Petitioner's previous sentencing transcripts, the transcripts of the District Court's final jury instructions, and the jury's verdict forms, until well after the sentencing hearing had already taken place." (Pet. Memo. p. 6). Petitioner complains that if his counsel would have received and reviewed these materials, counsel would have realized that the jury was never presented with the element of death when the jury convicted him on Count 2. There can be no question that this issue - whether the jury was presented with the element of death in Count 2 - is not novel to the 2003 resentencing. Indeed, it challenges the 1992 jury instructions and verdict, both of which predate the

resentencing by more than ten years. If Soy believes that this issue was never correctly presented, then he could have and should have raised this issue long ago regarding his prior counsel. Because this issue is not novel to the 2003 resentencing, this Court has no jurisdiction to entertain this claim.[1]

Second, Petitioner alleges that his counsel was ineffective by failing to raise an *Apprendi* challenge based upon the sentence he received at his last resentencing. Soy complains that his "44 year sentence is based solely upon a 'death element' that the government chose not to charge or submit as a necessary element to his jury for a reasonable doubt finding. . .." (Pet. Memo. p. 10)(emphasis in original). At the 2003 resentencing, this Court unbundled the previously imposed sentencing package and fashioned a new sentence pursuant to section 5G1.2(d). As such, any *Apprendi* challenge to the newly imposed sentence- notwithstanding its merits - is arguably novel to the 2003 resentencing. Therefore, this Court has jurisdiction to entertain that claim.

Third, Soy claims that "[c]ounsel's failure to challenge the District Court's reliance on Petitioner's conspiracy conviction as an underlying predicate offense for purposes of applying the Felony

---

[1] Even if this Court had jurisdiction to entertain this claim of ineffective assistance of counsel, that claim would nevertheless fail on the merits. Soy's counsel's alleged failure was not prejudicial to Soy. As such, Soy's ineffective assistance of counsel claim would fail under the prejudice prong of *Strickland*, as explained in more detail below.

Murder Rule under 18 U.S.C. § 1111(a)" resulted in ineffective assistance of counsel. (Pet. Memo. p. 14). Here, Soy maintains that the § 2K1.4(c) cross-reference cannot lawfully be applied to his conspiracy conviction in Count 1 and his counsel's failure to challenge that application constituted ineffective assistance of counsel. While the first degree murder cross-reference was used in previous sentencings and considered in past appeals, it was first applied to Count 1- the conspiracy conviction- at the 2003 sentencing hearing. Thus, this contention is novel to the resentencing and this Court has jurisdiction to entertain it.

Finally, Soy sets forth that his "[c]ounsel was ineffective in failing to object to the sentencing judge's erroneous enhancement using the 'if death results' finding to enhance Petitioner's sentence, because the jury did not make the finding of the element of 'death' beyond a reasonable doubt, only did the judge, sitting alone, make the finding and then sentenced Petitioner outside the statutory maximum allowed by the jury's verdicts." (Pet. Memo. p. 26). Essentially, Soy contends that his counsel should have objected to the use of the § 2K1.4(c) cross reference because the element of "if death results" was an element of the offense and, as such, had to be determined by a jury beyond a reasonable doubt. Again, because Soy is challenging the use of the § 2K1.4(c) cross reference, which was used in a novel manner at resentencing, this Court has jurisdiction to entertain the claim.

Issues Raised on Direct Appeal

While this Court has jurisdiction to entertain three of Soy's four claims, these claims may still be barred if they were raised on direct appeal and decided against him. *Belford*, 975 F.2d at 313. The Government argues that Soy's remaining claims are procedurally defaulted because the application of the first degree murder guideline was addressed in previous appeals and also because Soy should have raised *Apprendi* issues in his last appeal, but failed to do so. It is true that Soy's arguments underlying each of his ineffective assistance of counsel claims were raised on direct appeal. However, Soy's claims are for ineffective assistance of counsel and Soy did not raise these ineffective assistance of counsel claims on direct appeal.

The Supreme Court has generally prohibited courts from applying procedural default rules to bar ineffective assistance of counsel claims brought for the first time in 2255 proceedings. *Massaro v. United States*, 538 U.S. 500, 504-05, 508 (2003). This case presents a rather unique situation where the Petitioner is raising ineffective assistance claims regarding underlying issues that were addressed by the court of appeals. Thus, there is certainly an argument that these issues, now recast as ineffective assistance claims, are procedurally barred. However, the Government has not adequately explored this issue and the Court will not do so on the Government's behalf. Instead, this Court

will address the merits of Soy's remaining three claims of ineffective assistance of counsel.

Ineffective Assistance of Counsel

The standards for assessing ineffective-assistance-of-counsel claims are widely known, thanks to *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny, including *Wiggins v. Smith*, 123 S.Ct. 2527 (2003) (analyzing ineffectiveness claim under 28 U.S.C. § 2254). The test for ineffectiveness claims is exacting. To establish such a claim, a defendant must show that his/her attorney's representation was deficient, and that the deficiency prejudiced the defendant. *Wiggins*, 123 S.Ct. at 2535. To establish deficient performance, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id*. This test is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (citations omitted); *see also Wiggins*, 123 S.Ct. at 2536 (strategic choices are virtually unchallengeable) (citing *Strickland*, 466 U.S. at 690-91). Thus, when examining the performance prong of the *Strickland* test, a court must "indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996) (internal quotes omitted).

Similarly, to establish the prejudice component of the *Strickland* test, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wiggins*, 123 S.Ct. at 2542. Such a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* When examining the prejudice prong, a court must attach a "strong presumption of reliability" to the original verdict. *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996) (citation omitted).

Unless a defendant satisfies both parts of the *Strickland* test, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *United States v. Fish*, 34 F.3d 488, 492 (7th Cir. 1994). The Court has obviously assessed Petitioner's claims with the *Strickland* standards in mind.

Looking first to the prejudice prong, whether Soy had suffered any prejudice depends on whether his arguments underlying his ineffective assistance of counsel claims have any merit. The Seventh Circuit's prior opinions have considered Soy's arguments underlying each of his ineffective assistance of counsel claims and declared that none of them have any merit.

Soy challenged his sentence on appeal and Soy raised the issue that the death of Emily Antkowicz should not qualify as relevant conduct to the conspiracy conviction in Count 1 and also that the

first degree murder cross-reference should not have been applied. *Soy*, 413 F.3d at 605. The Seventh Circuit disagreed with Soy and found that this Court correctly ruled that the death of Emily Antkowicz was relevant conduct to the conspiracy and further that this Court's use of the first degree murder cross-reference was correct. *Id.* at 612-15.

In addition, Soy's second underlying issue - that the use of the first degree murder cross-reference violated *Apprendi* because the jury did not find that Soy's actions caused the death of Emily Antkowicz- was already addressed by the Seventh Circuit. In reviewing the sentencing calculation, the Seventh Circuit noted that Soy's sentence squared with *Apprendi*. *Id.* at 610. This is not surprising as Soy was not sentenced to a term of imprisonment above the maximum allowed by statute on any count.

Soy's third underlying issue - that the first degree murder reference cannot lawfully be applied to his conspiracy conviction in Count 1 - was raised on appeal and addressed by the Seventh Circuit. Soy, 413 F.3d at 613-15. The court of appeals found that applying the first degree murder reference to the conspiracy conviction was proper.

Soy's fourth underlying issue, where he contends that his counsel should have objected to the use of the § 2K1.4(c) cross reference because the element of "if death results" had to be determined by a jury beyond a reasonable doubt, was also decided by

the Seventh Circuit.  After the vacation of Count 2, the court of appeals examined this Court's cross-reference to Chapter 2, Part A; treatment of the death of Emily Antkowicz as relevant conduct; and the propriety of the first degree murder reference.  The Seventh Circuit affirmed all three of these issues regarding the use of the 2K1.4(c) cross-reference.  *Id.* at 611-615.

This Court is not in the position to reexamine the Seventh Circuit's rulings "unless there is some good reason" to do so, such as an intervening change in the law, or new evidence.  *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991).  Soy has provided no reason, much less any good reason, to reexamine the Seventh Circuit's rulings regarding the issues underlying his claims for ineffective assistance of counsel.  Because the Seventh Circuit has deemed Soy's underlying complaints regarding the use of the first degree murder cross-reference and *Apprendi* challenges to be without merit, Soy's alleged ineffective assistance claims cannot establish any prejudice and, therefore, must fail.

CONCLUSION

For the reasons set forth above, Petitioner's motions are **DENIED**.

**DATED: July 28, 2008**                **/s/RUDY LOZANO, Judge**
                                        **United States District Court**